IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY IT,

                Plaintiff,

v.

OFFICER PESEVENTO,
OFFICER LAVIA, OFFICER AHLERS,
SERGEANT HAAG, OFFICER STATZ,
OFFICER BREAUDO, SHANON
SCHMIDTKETCH, WARDEN NOVAK,
SECURITY DIRECTOR LUCAS WEBER,
and OFFICER BENDERAK,

                Defendants.

OPINION AND ORDER

19-cv-263-wmc

---

*Pro se* plaintiff Anthony It has filed a complaint under 42 U.S.C. § 1983, claiming that numerous employees of the Wisconsin Department of Corrections ("DOC") working at Columbia Correctional Institution ("Columbia") retaliated against him in violation of his constitutional rights by denying him meals. Since It is incarcerated and seeking to proceed *in forma pauperis*, the court is required to screen his complaint under 28 US.C. §§ 1915(e)(2), 1915A. Having reviewed It's allegations, the court concludes that if It wants to proceed in this lawsuit, he will have to file an amended complaint that addresses the deficiencies described below.

ALLEGATIONS OF FACT[1]

**A. Parties**

Plaintiff Anthony It is currently being held at the Wisconsin Resource Center, but

---

[1] For screening purposes, the court assumes the following facts based on the allegations in plaintiff's complaint, resolving ambiguities and drawing all reasonable inferences in plaintiff's favor. *Haines*

the events related to his claims in this lawsuit took place when he was incarcerated at Columbia. Defendants all appear to be DOC employees working at Columbia during that time frame. They are Officers Pesevento, Lavia, Ahlers, Statz, Breaudo and Benderak; Sergeant Haag; Shanon Schmidtketch; Security Director Lucas Weber; and Warden Novak.

B. **Denial of Meals**

It claims that various staff working in the segregation unit at Columbia have been denying prisoners meals for retaliatory purposes, and then afterwards the officers involved falsely claim that they denied him the meals due to his threatening behavior. Here is how It describes each instance:

- On May 9, 2018, Haag denied him a dinner tray, as "retaliation."
- On May 10, Pesevento denied him a breakfast tray and Stats denied him a lunch tray, both in retaliation for It complaining about inappropriate staff comments to the unit psychologist.
- On May 16, Ahlers, Vilwock and Lavia denied him breakfast and lunch, in retaliation.
- On May 17, Pesevento and Ahlers denied It breakfast and lunch as a "rollover retaliatory action" from the previous days.
- In June, Benderak denied It lunch and dinner trays for "disrespect."

---

*v. Kerner*, 404 U.S. 519, 520 (1972).

- On August 17, Pesevento denied It breakfast and Breaudo denied him lunch, "as retaliation."
- On August 21, Ahlers and Fusaki denied It breakfast and lunch in retaliation for him flooding his cell the night before.
- On February 2, 2019, Pesevento denied him a breakfast try in retaliation for not standing up during count.

OPINION

Plaintiff seeks to proceed against all defendants on First Amendment retaliation claims.[2] As an initial matter, however, plaintiff may not proceed against defendants Warden Novak, Security Director Weber or Schmidtketch, since none of them were involved in denying plaintiff any meals. *See Zimmerman v. Tribble*, 226 F.3d 568, 674 (7th Cir. 2000) (rejecting § 1983 actions against individuals merely for their supervisory role).

The remaining defendants are subject to dismissal because plaintiff's complaint does not satisfy the requirements of Federal Rule of Civil Procedure 8. Rule 8 requires "'short and plain statement of the claim' sufficient to notify the defendants of the *allegations* against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis added). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v.*

---

[2] Plaintiff has not sought leave to proceed on any Eighth Amendment claims related to the denial of meals, and the court sees no basis to infer such a claim, since plaintiff has not alleged any details about how long he went without food, nor that he actually suffered any injury as a result those denials.

3

*Twombly*, 550 U.S. 544, 570 (2007)).

To state a retaliation claim, a plaintiff must allege that: (1) he engaged in activity protected by the First Amendment; (2) suffered a deprivation that would likely deter future First Amendment activity; and that (3) the First Amendment activity was "at least a motivating factor" for the defendants' retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

As currently pled, none of the meal denials support a retaliation claim. Starting with the May 9, May 16, May 17 and August 17 denials, plaintiff does not allege *what* conduct the officers were intending to punish in denying him a meal, just that the meal was denied "as retaliation." Therefore, the court cannot reasonably infer that these denials were intended to punish plaintiff for engaging in constitutionally protected activity. As for the June, August 21 and February 2 denials, plaintiff's allegations indicate that those denials occurred because Benderak believed plaintiff was being disrespectful, Ahlers and Fusaki denied the meal because plaintiff had flooded his cell, and Pesevento believed plaintiff had refused to stand during count. Given that plaintiff has not pled any facts suggesting that any of these activities were constitutionally protected, his claims against Benderak, Ahlers, Fusaki or Pesevento for those three meal denials do not satisfy the first element of a retaliation claim.

That just leaves the May 10 denial, when Pesevento and Stats denied him breakfast and lunch, allegedly in retaliation for plaintiff complaining about staff's inappropriate comments. While it is unclear exactly who plaintiff was complaining to and exactly what he reported, it is reasonable to infer that plaintiff was acting in accordance with prison

4

policy when he was speaking with the unit psychologist about staff misconduct. *See Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010) ("A prisoner has a First Amendment right to make grievances about conditions of confinement.") (citing *Hasan v. U.S. Dep't of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005)). As such, at this stage, the court will accept that his statements to the psychologist were constitutionally protected. The court also accepts that missing two meals on the same day could deter a prisoner or ordinary firmness from lodging a similar complaint again in the future. However, as for the retaliatory motive element, while this circuit accepts a conclusory allegation that defendants acted adversely because of protected conduct as sufficient to state a claim for retaliation, *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002), plaintiff has not alleged *when* he complained to the unit psychologist, nor any facts suggesting that Pesevento and Stats actually knew about his complaints to the unit psychologist. As such, at least as currently plead, it would be unreasonable to infer that either of these defendants knew about his complaint to the psychologist when they denied him those meals on May 10.

Therefore, if plaintiff wants to proceed on his claim in this lawsuit, he will need to file an amended complaint that provides additional allegations supporting an inference that each defendant denied him a meal *because* he was engaging in constitutionally protected activity. Plaintiff should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. Plaintiff should set forth his allegations in separate, numbered paragraphs using short and

5

plain statements. After he finishes drafting his amended complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

ORDER

IT IS ORDERED that:

1) Plaintiff Anthony It's complaint is DISMISSED without prejudice for failure to meet the requirements of Federal Rule of Civil Procedure 8.

2) **Plaintiff may have until March 10, 2020, to submit an amended complaint that meets the requirements of Rule 8. If plaintiff fails to respond by that deadline, then this case will be dismissed with prejudice for failure to prosecute.**

Entered this 18th day of February, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge